UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE HAIRSTON,

        Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION,

        Defendant.
_____/

CIVIL ACTION NO. 09-15016

DISTRICT JUDGE ANNA DIGGS TAYLOR

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**

I recommend that the Amended Complaint be dismissed.

**II.    REPORT:**

    **A.    Procedural History**

Plaintiff's initial pro se Complaint was filed on December 28, 2009. She was permitted to proceed in forma pauperis by Order of the district judge on January 7, 2010. On the same date, the case was referred to the undersigned magistrate judge for all pretrial proceedings.

On March 8, 2010, Defendant Federal Bureau of Investigation ("FBI") filed its Motion to Dismiss. Two days later, Plaintiff filed her Amended Complaint. That document contained references to Defendant FBI, as well as five public storage facilities and Zeidman's, a jewelry business, although no cognizable claims are asserted against those entities. Thereafter, Plaintiff filed a succession of "motions" (see Docket entries 12, 18, 21, 23, and 26,), in an apparent effort to expand her case and add additional claims and parties, including FNMA (Federal National Mortgage Association), Washington Mutual Mortgage

Company, Blue Cross Blue Shield of Michigan ("BCBSM"), Blue Care Network, Facebook, Mark Monitor, the City of Detroit, the United States, The Department of Justice, Orlans, Medicaid, Medicare, Aetna Insurance Co. and Dan Skrzypek. Of those additional entities, only Skrzypek, BCBSM and Blue Care Network have appeared in this action.

The substantive allegations in the Amended Complaint (Docket #11) are as follows:

> 1. The harassment in this complaint began in 2007. In July 2008 there was an escalation of harassment by the F.B.I.
>
> 2. There was orchestration of deadlines and harassment.
>
> 3. In 2008 someone cancelled our Tort & Malpractice insurance without permission. Home insurance was also cancelled.
>
> 4. Monies held. Storage units entered by F.B.I. No warrant.
>
> 5. In July 2008 the Police hindered completion of owed mortgage monies at 17114 Fairfield, Detroit, Michigan 48221. This hindering has continued. Court dates were stolen, the Police played cat & mouse in my home, court dates/monies/clothes/jewelry/purse/keys/documents/credit cards were stolen, business relations hindered by account payable notices being hindered for months. Then, pressuring associates. Information has been falsified.
>
> 6. We were not hearing correct Medicare insurance information. Many line items or claims were zeroed and we were paid a fraction of what was submitted. We were refused documentation. Medicaid owes $120,000.00 as secondary payer with Medicare as Primary payer.
>
> 7. Our information is flipped, mail stolen including newsletter and Medical Journals etc.,Phone calls are hindered & Blackberry access hindered.
>
> 8. Hair care products were replaced with oil based solution. Organic vegan food source tampering occurred.
>
> 9. Property was damaged at 17114 Fairfield, Detroit, Michigan 48221. Our home was trespassed, wires input through brick and water source. The F.B.I. has refused payment of utilities

> after hindering reception by ordering a DTE agent into our home.
>
> 10. Medicare resubmission information was stolen and hindering of arbitration with Blue Cross/Blue Care Network occurred.
>
> 11. At the end of January 2010 the F.B.I. refused to return my 1.25 Carat wedding ring valued at approximately $10,000 at Zeidman's. I was there getting a purchase price. After "Mike" received the 1.25 Carat wedding ring he refused to provide a purchase price. The F.B.I. Then proceeded to follow me to other locations to hinder a loan on the ring they gave me (a $2,000.00 3/4 carat ring).

Plaintiff prayed that "the court . . . investigate each participant, to return our items and to stop the harassment." Plaintiff asserted no specific claim for relief against the Federal Bureau of Investigation or any other entity.

None of Plaintiff's efforts to amend her claims or to add parties subsequent to the Amended Complaint of March 10, 2010 are sufficient. Fed.R.Civ.P. 15(a) provides that a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, amendment is proper only with the opposing party's written consent or by leave of court. Leave of the Defendant was neither sought nor obtained, and Plaintiff has not obtained leave of court. A review of her various motions seeking amendment demonstrates that Plaintiff has failed to assert cognizable claims which could survive a motion to dismiss.

### B. Analysis

#### 1. The Amended Complaint Should be Dismissed Sua Sponte

The burden of proving jurisdiction lies with the Plaintiff. Moir v. Greater Cleveland Regional Transit Authority, 895 F.2d 1266 (6th Cir. 1990). A district court may, at any time,

dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A Complaint lacks an arguable or rational basis in law 'if it is based on legal theories that are indisputably meritless.'" Abner v. SBC, 86 Fed.Appx. 958 (6th Cir. 2004) (quoting Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000). "A Complaint lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.'" Abner, 86 Fed.Appx. at 958 (quoting Neitzke, 490 U.S. at 327-28). In my view, the Amended Complaint in this action, as well as all of the subsequent proposed amendments, evidence a seriously disordered mind. I further find Plaintiff's assertions to be fanciful and insubstantial to a degree that warrants summary dismissal.

## 2. The Amended Complaint Fails to State a Claim

Even if Plaintiff's Complaints were minimally comprehensible, Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted. In the context of a civil rights action, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." Lillard, 76 F.3d 716, 726 (6th Cir. 1996). A factual basis for the claim must be set forth in the pleadings. Id.

A Complaint need not contain detailed factual allegations. Nonetheless, a Plaintiff's obligation to provide the "grounds" of her entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough

4

to raise a right to relief beyond the speculative level, on the assumption that the allegations are true. Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action.

Plaintiff's Amended Complaint is nothing more than a list of conclusory assertions. She alleges virtually no supporting facts from which this court could discern a plausible cause of action against the Federal Bureau of Investigation. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Bell Atlantic Corporation v. Twombly, 550 U.S. at 556, 570. In Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937 (2009), the Supreme Court employed a two step process for evaluating a complaint under Rule 12. First, a reviewing court must examine each allegation in a complaint and exclude from consideration those allegations that are stated in a "conclusory" fashion. After excluding conclusory allegations from its analysis, a court should assess the "plausibility" of the connection between the facts alleged and the relief claimed. Id. at 1950. Absent Plaintiff's conclusory allegations, her pleading is virtually without substance. The Amended Complaint should be dismissed sua sponte for failure to state a claim upon which relief may be granted.

### 3. **Defendant FBI is entitled to Summary Judgment**

In its Response to Plaintiff's Amended Complaint, Defendant submitted the revised Declaration of Andrew Ray Sluss, Associate Division Counsel with the Detroit FBI field office. The Declaration reveals that Mr. Sluss reviewed the central records system of the

FBI for any records retrievable to the name of the Plaintiff. The search disclosed no record of any administrative claims submitted to the FBI by or on behalf of Plaintiff. Further, Mr. Sluff declared that the FBI has never received a claim under the Federal Tort Claims Act; that it has not contacted Hairston; that it has no knowledge of any action or inaction on behalf of the FBI that would form any basis for the allegations in the Complaint; that Plaintiff is not the subject of any ongoing FBI investigation or the victim of any crime known to the FBI; that the FBI has no known interest, regarding Hairston, in any pending FBI forfeiture action; and that Plaintiff is not identified in any FBI database regarding forfeiture.

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to, and not excluded by the court, the motion should be treated as one for summary judgment under Fed.R.Civ.P. 56. The opposing party must be given a reasonable opportunity to present all material that is pertinent to the motion. In this case, Plaintiff has filed at least four additional submissions regarding her various grievances. None of those submissions, however, contests the facts asserted in Mr. Sluss' Declaration. As she has failed to raise any contested issue of material fact as to her claim against Defendant FBI, Plaintiff's Amended Complaint should be dismissed as a matter of law.

### 4. **Further Efforts by Plaintiff to Amend Would be Futile**

Dismissals of complaints alleging the violation of civil rights are scrutinized with special attention. Brooks v. State, 779 F.2d 1177, 1180 (6th Cir. 1985). A pro se plaintiff's complaint will normally be held to a less stringent standard than one drafted by an attorney. Haynes v. Kurner, 404 U.S. 519, 520 (1972). Nonetheless, a court will not engage in a guessing game in order to determine the nature of the claims asserted by a pro se litigant. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

"Amendment obviously should be permitted by the court and is preferable to dismissal whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff." Wright and Miller, Federal Practice and Procedure: Civil 3rd, Section 1214. The Federal Rules of Civil Procedure establish a liberal policy regarding the amendment of pleadings, and our Circuit has held that a plaintiff who fails to establish jurisdiction should be afforded an opportunity to correct the defect. Fed.R.Civ.P. 15(a); Mimms v. Mercy Hospital, 451 F.2d 171 (6th Cir. 1971). In the case at bar, Plaintiff has already amended her Complaint once as a matter of right. Since that time, she has attempted to amend her claims no fewer than four times. (Docket Entries 12, 18, 21 and 23). Unfortunately, none of those efforts has served to provide the court with facts sufficient to establish a plausible claim against Defendant FBI. On the contrary, each subsequent iteration of her allegations suffers the same fatal lack of facts sufficient to establish a plausible claim. In fact, Plaintiff's repeated efforts to revise her Complaint have served only to make her claims more diffuse and bizarre. Accordingly, Plaintiff's various Motions to Amend (Docket Entries 12, 18, 21 and 23) should be denied. I am satisfied that she has had more than ample opportunity to state a compensable claim, and that additional opportunities to amend would be futile. This case should be dismissed as to Defendant FBI; and as to the parties who appeared in response to Plaintiff's improper Motion for the Addition of Interpleader Defendants (Dan Skrzypek, Blue Cross Blue Shield of Michigan and Blue Care Network) (Docket Entry 21); and as to all unserved parties as well. Plaintiff's two Motions for Appointment of Counsel (Docket Entries 7 and 13), and her two Motions to Interplead the City of Detroit (Docket Entries 47 and 48) should also be denied. The FBI's Motion to Prevent Further Filings by Plaintiff (Docket Entry 46) should be denied as moot.

For all of the above reasons, I recommend that Plaintiff's Amended Complaint be dismissed, and that all subsequent Motions be denied. I further recommend that the Order permitting this Plaintiff to proceed in forma pauperis be rescinded, and that this case be ordered off the docket.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: June 8, 2010

**CERTIFICATE OF SERVICE**

      I hereby certify on June 8, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 8, 2010: **Julie Hairston.**

                                  s/Michael E. Lang
                                  Deputy Clerk to
                                  Magistrate Judge Donald A. Scheer
                                  (313) 234-5217